UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DONNA MONGIOVE, as Administratrix of the Estate of PETER MONGIOVE and YARINEL GONZALEZ, individually and on behalf of others similarly situated,

Plaintiffs,

-against-

NATE'S CORP., SAND LANE PHARMACY CORP., VITACARE PHARMACY CORP., BORIS NATENZON, ANGELA NATENZON, BERNARD GLEZERMAN, and SIMON LORBERT,

Defendants.

Case No.: 15-cv-1024 (RML)

## SETTLEMENT AGREEMENT
## AND FULL AND FINAL RELEASE OF CLAIMS

This Confidential Settlement Agreement and Full and Final Release of all Claims ("Agreement") is entered into as of this 22nd th day of June, 2017 by Plaintiffs DONNA MONGIOVE, as Administratrix of the Estate of PETER MONGIOVE, YARINEL GONZALEZ, NOVELEEN DIMALANTA, KAMEL LANEY, and CANDICE HALL ("Plaintiffs") and Defendants NATE'S CORP., SAND LANE PHARMACY CORP., VITACARE PHARMACY CORP., BORIS NATENZON, ANGELA NATENZON, BERNARD GLEZERMAN, and SEMYON LORBERG (collectively, "Defendants") (Plaintiffs and Defendants are the "Parties").

**WHEREAS** Plaintiffs Peter Mongiove and Gonzalez commenced the within action (the "Action") asserting claims arising from and related to their employment by Defendants;

1

**WHEREAS**, Defendants deny the allegations and deny all liability;

**WHEREAS**, Dimalanta, Laney, and Hall joined this case as opt-in Plaintiffs;

**WHEREAS**, Peter Mongiove is deceased and his estate, of which Donna Mongiove is the administratrix, has been substituted as a Plaintiff;

**WHEREAS,** the Parties are desirous of resolving the present litigation, dispute between them, including all Fair Labor Standards Act, New York Labor Law and Breach of Contract claims;

**WHEREAS,** Peter Mongiove's estate is entering into a separate settlement agreement to resolve certain of his other remaining claims ("Mongiove's Exempted Claims"), which will remain confidential;

**WHEREAS,** it is expressly understood that Plaintiffs and Defendants have entered into this Agreement solely for the purpose of avoiding further litigation and the cost of ongoing litigation. The Parties wish to avoid the uncertainty, expense and time-consuming nature of litigation and desire to enter into a compromise agreement concerning all claims, whether known or unknown, between Plaintiffs and Defendants (except for Mongiove's Exempted Claims) in the Action, without further litigation and without any admission of liability on the part of any of the Parties;

**WHEREAS**, this Agreement is subject to judicial approval by the Eastern District of New York; and

**NOW THEREFORE**, in consideration of the undertakings contained in this Agreement, and for other good and valuable consideration, it is hereby stipulated and agreed to by the Parties as follows:

1. **Payments**:

    a. Defendants agree to pay $108,000 to Plaintiffs and Fisher Taubenfeld LLP in full resolution of Plaintiffs' claims, except Mongiove's Exempted Claims ("Settlement Payment"). The payment shall be made as follows:

    | Name | Payment Amount |
    | --- | --- |
    | Donna Mongiove | $40,000.00 |
    | Yarinel Gonzalez | $18,347.36 |
    | Noveleen Dimalanta | $3,758.80 |
    | Kamel Laney | $8,036.18 |
    | Candice Hall | $1,857.66 |
    | Fisher Taubenfeld LLP | $36,000.00 |

    b. Plaintiff Mongiove's estate shall seek approval of the settlement of his claim from the Surrogate's Court, Richmond County.

    c. Defendants agree to make the Settlement Payment no later than 10 calendar days after receiving: (1) a fully executed Agreement; (2); executed W-4 and W-9 forms from each Plaintiff; (3) an executed W-9 from Fisher Taubenfeld LLP; and (4) an Order from the Surrogate's Court approving the Plaintiff Mongiove's settlement.

    d. All payments to Plaintiffs shall be issued via two checks of equal gross amounts in that Plaintiff's name, one for wages for which an IRS Form W-2 shall be issued and required withholdings and deductions, and one for liquidated damages for which an IRS Form 1099 shall be issued. All checks shall be sent to Michael Taubenfeld, Esq., Fisher Taubenfeld LLP, 225 Broadway, Suite 1700, New York, NY 10007.

  e. All payments to Fisher Taubenfeld LLP shall be for attorneys' fees and costs, which shall be inclusive of all claims for attorneys' fees and expenses. These payments will be issued via check made out to Fisher Taubenfeld LLP and shall be sent to Michael Taubenfeld, Esq., Fisher Taubenfeld LLP, 225 Broadway, Suite 1700, New York, NY 10007.

  f. All Defendants, except Glezerman and Lorberg, shall be jointly and severally liable for the payments required in this Paragraph.

## 2. Release of Claims:

  a. Plaintiffs ("Releasors") waive all claims against Defendants and their past, present, and future employees, attorneys, insurers, agents, representatives, principals, subsidiaries, affiliates, assigns, predecessors, successors in interest, corporations under common ownership or control, and related business entities, and any and all other individuals, parties, associations, or corporations jointly or severally liable ("Releasors") and release and forever discharge Releasors to the fullest extent permitted by law from any and all liability for any claims, rights or damages of any kind, whether known or unknown to Releasees, that Releasees may have against Releasors as of the date of their execution of this Agreement including, but not limited to any claim arising under: federal, state or local law or ordinance; tort; employment contract (express or implied); public policy waivable by law; Title VII of the Civil Rights Act of 1964 as amended; Civil Rights Act of 1866 as amended; the Equal Pay Act as amended; the Fair Labor Standards Act ("FLSA"), the Uniform Services Employment and Re-employment Rights Act ("USERRA") as amended; the Age Discrimination in Employment Act of 1967 ("ADEA") as amended; the Americans with Disabilities Act ("ADA") as amended; the Family And Medical Leave Act ("FMLA") as amended; the Employee Retirement Income

4

Security Act ("ERISA") as amended; the Civil Rights Act of 1991 as amended; the Rehabilitation Act of 1973 as amended; the Older Workers Benefit Protection Act ("OWBPA") as amended; the Worker Adjustment and Retraining Notification Act ("WARN") as amended; the Occupational Safety and Health Act of 1970 ("OSHA") as amended; the New York State Human Rights Law as amended; New York City Human Rights Law as amended; New York Labor Act as amended; New York Equal Pay Law as amended; New York Civil Rights Law as amended; New York Rights of Persons With Disabilities Law as amended; New York Equal Rights Law as amended; New York Worker Adjustment and Retraining Notification Act as amended; any other discrimination law, if applicable; and all claims for invasion of privacy, defamation, intentional infliction of emotional distress, injury to reputation, pain and suffering, constructive and wrongful discharge, retaliation, wages, monetary or equitable relief, vacation pay, award(s), grant(s), or awards under any unvested and/or cancelled equity and/or incentive compensation plan or program, and separation and/or severance pay under any separation or severance pay plan maintained by Defendants, any other employee fringe benefits plans, medical plans, or attorneys' fees or any demand to seek discovery of any of the claims, rights or damages previously enumerated herein (collectively, the "Release of Claims"). This Agreement is not intended to, and does not, release rights or claims that may arise after the date of Plaintiffs' execution hereof including without limitation any rights or claims that Plaintiffs may have to secure enforcement of the terms and conditions of this Agreement. Plaintiffs further agree to dismiss with prejudice any pending civil lawsuit or arbitration covered by the Release of Claims.

    b. Defendants agree to waive all claims against Plaintiffs, and release and forever discharge Plaintiffs, to the fullest extent permitted by law, from any and all liability for any

claims, rights or damages of any kind, whether known or unknown to Defendants, that Defendants may have against Plaintiffs from the beginning of the world until the date of Defendants' execution of this Agreement.

### 3. Dismissal, No Future Lawsuits:

Plaintiffs shall cause their attorney to execute a Stipulation of and Order of Dismissal, attached as Exhibit A, dismissing the Action in its entirety, with prejudice. Plaintiffs shall also submit this Agreement, along with any necessary documents, to obtain a finding from the Court that this Settlement is fair and reasonable. Plaintiffs agree to direct their counsel to file the stipulation of dismissal with the Court within five (5) days of receipt of the above payments.

### 4. Integration Clause:

This Agreement constitutes the entire and only understanding and agreement among Plaintiffs and Defendants respecting the subject matter of this Action. All prior or contemporaneous understandings, discussions, agreements, writings of any kind and/or representations, whether oral or written, are expressly superseded by this Agreement. No party hereto is relying on any representations made by any other party regarding or related to this Agreement or the implications thereof.

### 5. Additional Clauses:

    a.    This Agreement is the product of negotiation among the Parties and shall not be construed against any party as draftsman.

    b.    This Agreement may not be amended, modified or waived, except by a writing signed by all Parties hereto. Waiver by any of the parties hereto of any breach hereunder by any other party shall not operate as a waiver of any other breach, whether similar to or different from the breach waived. No delay on the part of any of the parties in the exercise

of any of their respective rights or remedies shall operate as a waiver thereof, and no single or partial exercise by any of the parties of any such right or remedy shall preclude other or further exercise thereof.

  c.  This Agreement will be binding on and will inure to the benefit of the Parties and their respective agents, servants, employees, insurers, predecessors, successors, assigns, heirs and/or administrators, and any and all related, affiliated and subsidiary entities.

  d.  This Agreement will be interpreted and otherwise governed under the laws of the State of New York.

  e.  Should any provision of this Agreement be held invalid, illegal or unenforceable, it shall be deemed to be modified so that its purpose can lawfully be effectuated and the balance of this Agreement shall remain in full force and effect.

  f.  The Parties hereby acknowledge and consent to the power and continuing jurisdiction of the United States District Court for the Eastern District of New York to enforce the terms of this Agreement.

**6. Notices**:

Any notice under this Agreement shall be sent by email. If to Defendants, such notice shall be sent to Rebecca Embry, Esq., Landman Corsi Ballaine & Ford P.C., email address: rembry@lcbf.com. If to Plaintiffs, such notice shall be sent to Michael Taubenfeld, Esq., Fisher Taubenfeld LLP, email address: michael@fishertaubenfeld.com. A party may change its address or email address for notices by providing notice to such effect in accordance with this Paragraph.

4826-2957-3960v.1

### 7. Breach:

If a court of competent jurisdiction determines that any party has breached any of the terms of this Agreement, the breaching party shall pay to the non-breaching party all of their reasonable costs and expenses, including reasonable attorneys' fees, incurred in enforcing the terms of this Agreement and/or defending any action(s), including collection proceedings and appeals.

### 8. Neutral Reference and No Future Application:

Defendants agree to provide to a Plaintiff's future prospective employers, upon request, a neutral reference, which will be limited to the Plaintiff's name, positions held, and dates of employment. Plaintiffs agree that they will not apply for or accept employment now or at any time in the future with Defendants and that Plaintiffs are not eligible for reemployment in the future. Plaintiffs agree that this provision is sufficient legal grounds and valid contractual justification for denying Plaintiffs employment with Defendants in the future.

### 9. Counterparts:

This Agreement is effective when it has been fully-executed by all Parties. Electronic and facsimile signatures shall be deemed as originals. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original and which together shall constitute one and the same document.

### 10. Approval by the Surrogate's Court:

The Parties agree that this settlement must be approved by the Surrogate's Court, Richmond County to become effective.

**THE UNDERSIGNED HAVE READ THE FOREGOING SETTLEMENT AGREEMENT AND GENERAL RELEASE, FULLY UNDERSTAND IT AND VOLUNTARILY AGREE TO IT.**

Dated: 6/21/17

By: _____
DONNA MONGIOVE, as Administratrix of the Estate of PETER MONGIOVE

Dated: 6/22/17

By: _____
YARINEL GONZALEZ

Dated: 6/22/17

By: _____
NOVALEEN DIMALANTA

Dated: 06/22/17

By: _____
KAMEL LANEY

Dated: 6/22/17

By: _____
CANDICE HALL

9

Dated: 6/23/17

NATE'S CORP.

By _____
BORIS NATENZON, PRESIDENT

Dated: 6/27/17

SAND LANE PHARMACY CORP.

By _____
BORIS NATENZON, TREASURER

Dated: 6/23/17

VITACARE PHARMACY CORP.

By _____
BORIS NATENZON, PRESIDENT

Dated: 6/23/17

By: _____
BORIS NATENZON

Dated: 6/23/17

By: _____
ANGELA NATENZON

Dated: 6/23/17

By: _____
BERNARD GLEZERMAN

Dated: 6/23/17

By: _____
SEMYON LUNDERG

10

4826-2957-3960v.1

## EXHIBIT A

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | |
| DONNA MONGIOVE, as Administratrix of the Estate of PETER MONGIOVE and YARINEL GONZALEZ, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>NATE'S CORP., SAND LANE PHARMACY CORP., VITACARE PHARMACY CORP., BORIS NATENZON, ANGELA NATENZON, BERNARD GLEZERMAN, and SIMON LORBERT,<br><br>Defendants. | Case No.: 15-cv-1024 (NGG)(RML)<br><br>**STIPULATION AND ORDER OF DISMISSAL** |

**IT IS HEREBY STIPULATED** by and between Plaintiffs and Defendants, that the above-captioned action is hereby dismissed with prejudice pursuant to a settlement agreement.

**IT IS FURTHER STIPULATED AND AGREED** that the United State District Court, Eastern District of New York, shall retain jurisdiction for purposes of enforcing the parties' settlement agreement.

**IT IS FURTHER STIPULATED AND AGREED** that the Settlement Agreement submitted to the Court on June ___, 2017 is fair and reasonable.

| | |
|---|---|
| FISHER TAUBENFELD LLP | LANDMAN CORSI BALLAINE & FORD P.C. |
| By: _____ | By: _____ |
| Michael Taubenfeld, Esq. | Rebecca Embry, Esq. |
| 225 Broadway, Suite 1700 | 120 Broadway, 27th Floor |
| New York, New York 10007 | New York, NY 10271 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |

SO ORDERED:

_____
Hon. Robert M. Levy, U.S.M.J.

12

4826-2957-3960v.1